IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ALVARADO,<br><br>  Petitioner,<br><br>  v.<br><br>JEANNE WOODFORD, Acting Secretary,<br>California Department of Corrections and<br>Rehabilitation,<br><br>  Respondent.<br>_____/ | No. C 06-02190 WHA<br><br><br><br>**ORDER TO SHOW CAUSE** |

State prisoner Eric Alvarado, through counsel, filed petition for a writ of habeas corpus on March 27, 2006. The petition stated that he had a pending habeas petition before the state Superior Court. That state petition concerned the same four issues on which he seeks relief from this Court. Those claims apparently have not been otherwise presented to a state court. Petitioner therefore appears not to have exhausted his state-court remedies.

The petition includes the notation that "[t]his petition is filed pursuant to *Pace v. DiGuglielmo* (2005) 544 U.S. ____." *Pace* held that the one-year deadline for filing federal habeas petitions is not tolled by pending state habeas proceedings if that state postconviction petition ultimately is rejected as untimely. If a state petitioner fears such an outcome, he may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." In certain cases, such a request to stay a petition with unexhausted claims should be granted. 544 U.S. 408, 125 S.Ct. 1807,

1810, 1813–14 (2005) (no U.S. Reports pincites).  Perhaps petitioner seeks to follow this procedure.  He has not done so, however, because there is no request for stay or abeyance.

Petitioner is **ORDERED TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE SUMMARILY DISMISSED** because he did not exhaust his state remedies.

**IT IS SO ORDERED.**

Dated: March 29, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE