United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC ALVARADO,

          Petitioner,

  v.

JAMES E. TILTON, Acting Secretary,
California Department of Corrections and
Rehabilitation,

          Respondent.

_____/

No. C 06-02190 WHA

**ORDER DENYING MOTION TO
STAY AND HOLD PETITION
FOR WRIT OF HABEAS CORPUS
IN ABEYANCE AND ORDER TO
SHOW CAUSE.**

**INTRODUCTION**[1]

      Pursuant to 28 U.S.C. 2254, Eric Alvarado petitioned for habeas relief.  Petitioner now

moves to stay the petition in abeyance, pending exhaustion of his post-conviction proceedings

in state court.  Petitioner's claims appear to be entirely unexhausted.  The motion to stay and

abey the petition is **DENIED**.

**STATEMENT**

      Petitioner says that he was convicted in the Monterey County Superior Court for seven

counts of premeditated attempted murder, with sentence enhancements.  He was sentenced to

life imprisonment with a 40-year minimum term.  The convictions and sentence were appealed

to the state court of appeal, which affirmed in February 2005.  Petitioner did not seek further

review.  The decision became final 30 days later.  The time for petitioning the California

---

[1] Respondent's name has been substituted pursuant to FRCP 25(d).

**United States District Court**
For the Northern District of California

1    Supreme Court for review elapsed in another ten days.  In the Court's calculation, direct appeal

2    was exhausted on March 27.  On March 27 of the following year, petitioner filed a state habeas

3    petition.  That same day, petitioner filed in federal court, seeking review on the same issues

4    submitted for state review.  Petitioner submitted an amended petition to address his basis for

5    filing in federal court before exhausting his claims in state court.[2]  Petitioner admitted that none

6    of the grounds presented for federal review were presented on direct appeal nor exhausted in

7    state habeas proceedings (Am. Pet. 2–3, 6).  Petitioner now moves to stay federal proceedings

8    until the state courts conclude their post-conviction review.  The state has not been ordered to

9    file an answer, and has not done so on its own.

10                                               **ANALYSIS**

11           Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must file

12   an application for a federal writ of habeas corpus within one year of the expiration of the time

13   for seeking direct review.  28 U.S.C. 2244(d)(1)(A).  Time during which a properly filed

14   application for state post-conviction proceedings is pending is tolled (§ 2244(d)(2)).

15           Petitioner makes two arguments for why his federal habeas petition should be stayed and

16   held in abeyance until he exhausts his claims in the state courts.  *First*, he argues that he must

17   protect himself in the event that the state courts construe his application as untimely.  *Second*,

18   he argues that it will be impossible for him to file a timely federal habeas petition even if he

19   tries to comply with the statutory limitations.

20           **1.      CONCERN OVER UNTIMELY STATE APPLICATION.**

21           Petitioner argues that his federal petition should be stayed because he fears that his state

22   application will be deemed untimely.  Petitioner bases his argument on the Supreme Court's

23   holding that "a petitioner's reasonable confusion about whether a state filing would be timely

24   will ordinarily constitute 'good cause' for him to file in federal court."  *Pace v. DiGuglielmo*,

25   544 U.S. 408, 416 (2005).  In evaluating good cause, the Supreme Court was referring to its

26   decision in *Rhines*, which held that a court may grant a stay to a *mixed petition* "if the petitioner

27   had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious,

28

---

     [2] That petition is deemed properly amended pursuant to FRCP 15(a).

                                                    2

and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (emphasis added).

The petition here is not mixed.  It consists entirely of unexhausted claims.  "District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims.  We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included."  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  The reason that mixed petitions may be stayed is because the failure to exhaust some claims may prejudice other exhausted and potentially meritorious claims raised in the same petition.  In a petition containing only unexhausted claims, either there is still time to exhaust the claims in state court, or it is too late to do so.  If there is still time, the federal statute of limitations is tolled and a stay would not confer a benefit.  If it is too late, the claims would remain unexhausted and unsuitable for disposition in federal court.  Either way, a stay performs no useful function where a petition consists of only unexhausted claims.

### 2.   IMPOSSIBILITY OF TIMELY FEDERAL FILING.

Petitioner argues that it will be impossible for him to file a timely habeas petition in federal court if he waits until his state post-conviction proceedings are concluded.  The day on which the state petition was filed was the last day on which petitioner could apply for federal review.  Assuming statutory tolling, this means that petitioner would need to file his federal habeas petition on the day that the state courts conclude their review.  Petitioner argues that this is impossible because the California Supreme Court's decision will not be made available to petitioner until the day after it is filed.  Because the federal limitation period will begin again on the filing day, petitioner would be barred from filing a federal petition by the time he learns of the state court's decision.  An entirely unexhausted petition cannot be stayed.

Petitioner's opportunity for federal review, however, may not be totally foreclosed.  A district court may decide, at a later time when state claims have been exhausted, whether the statute of limitations should be equitably tolled because petitioner will not receive notice of a state court decision before the statutory limitation period elapses.  *See Pace*, 544 U.S. at 418

United States District Court

For the Northern District of California

(holding that a petitioner seeking equitable tolling must establish that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way).

**CONCLUSION**

Petitioner has not exhausted any of his claims in state court.  The motion to stay and hold the petition in abeyance is **DENIED**.  In light of the foregoing, the Court questions whether it has jurisdiction to proceed.  The parties are **ORDERED TO SHOW CAUSE** by **NOON, FRIDAY, AUGUST 18, 2006**, why the petition should not be dismissed, in light of the fact that all claims are unexhausted.

**IT IS SO ORDERED.**

Dated: August 4, 2006.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE